## STATE OF IOWA v. A. C. SHEETS, Appellant.

**Rape:** ASSAULT: VARIANCE. Although the evidence in support of an indictment charging an assault with intent to commit rape on a female under the age of consent fails to show force as alleged, the variance is not fatal.

**Included offenses:** SUBMISSION. Where defendant was convicted of assault with intent to commit rape, a submission of the offense of assault and battery, though not charged in the indictment, was harmless error.

**Same.** Under an indictment for assault with intent to rape, submission of the issue of assault with intent to do great bodily harm is not justified, where there is no evidence of intent to do bodily injury except such as naturally follows intercourse with an immature female, as such injury inheres in the greater offense.

**Instructions.** Although certain instructions standing alone appear to assume the truth of matters appearing in the record, yet if considered in connection with the entire charge the instructions as a whole are not misleading, a reversal will not be ordered.

**Evidence:** INTENT. On a prosecution for assault with intent to commit rape on a female under the age of consent, it appearing that defendant assaulted three other girls of similar age at about the same time, evidence that he had written notes to the others as well as prosecutrix stating that when opportunity offered he would have intercourse with them, was admissible on the question of intent.

**Same.** The fact that intercourse was not actually accomplished is insufficient to show absence of intent to commit rape, under a charge of assault with intent to commit the offense.

**Examination of witnesses.** Youth and inexperience justify latitude in the examination of a witness.

*Appeal from Lyon District Court.*—HON. WILLIAM HUTCH-INSON, Judge.

TUESDAY, FEBRUARY 7, 1905.

The defendant was convicted of an assault with intent to commit rape, and appeals.—*Affirmed.*

*W. D. Boise* and *W. H. Weber,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, C. J.—The indictment charged that the assault was made on a female child eleven years of age " by force and against her will," while the evidence conclusively

1. RAPE: as-   showed that no force was in fact used, and the
sault; vari-
ance.     appellant contends that there was a fatal variance between the indictment and the proof. We have recently decided the point against the appellant's contention, and we need do no more in disposing of it than to call attention to the cases: *State v. Scroggs,* 123 Iowa, 649; *State v. Anderson,* 125 Iowa, 501.

The allegations of the indictment were insufficient to charge an assault and battery, yet the court submitted that question to the jury, and its action in so doing is assailed.

2. INCLUDED   This question was decided adversely to the ap-
OFFENSES:
submission.   pellant's contention in *State v. Miller,* 124 Iowa, 429. In that case, as in this, the defendant was convicted of the graver charge under an indictment which did not charge an assault and battery, and there was also an instruction submitting the latter offense to the jury; and, while holding that it was error to so charge in the absence of proper allegation in the indictment, we further held that the error was without prejudice, on account of the verdict. We think the rule a just one, and find no sufficient reason for receding therefrom.

There may be cases of this character where the question of an assault with intent to inflict a great bodily injury

3. SAME.   should be submitted to the jury, but in this case there was no evidence that would have justified the submission of that question. No intent to do a

bodily injury, other than that which would naturally follow sexual intercourse with an immature child, was shown; and it is manifest that an injury caused alone by such intercourse would inhere in the graver crime charged, and not be a separate and distinct offense, for which a different punishment might be imposed.

Certain instructions are complained of on the ground that they assumed the truth of matters appearing in the record, and therefore invaded the province of the jury. If these instructions were to be considered alone, there would be merit in the appellant's complaint. But it is a familiar rule that instructions must be considered as a whole. It would be almost impossible for the court to embody the various propositions of law involved in a case in a single paragraph of its charge without exposing itself to the criticism of so confusing the law as to make it unintelligible to the jury; hence the necessity of considering the charge as a whole, and of reading and considering the several paragraphs thereof in the light of the others. Applying the rule to this case, and presuming that the jurors were of average intelligence, we find no serious cause for complaint. In other parts of the charge the jury was distinctly and correctly directed as to its duty, and as to the character and amount of evidence necessary to warrant a conviction, and we think it was not misled by any language used in the paragraphs complained of.

4. INSTRUCTIONS.

Paragraph 9 begins and is punctuated as follows: "You are instructed to convict the defendant, the State is confined to the day and time at the schoolhouse," etc. It may readily be conceded that the construction of this sentence is not to be approved for use in instructions to juries. The use of one or more additional words would have made it beyond criticism, but, notwithstanding this, we do not believe that the jury understood it to be a direction to convict the defendant. It was not such a direction in fact, and could

only have been so construed by disregarding the remainder of the clause, and its connection therewith.

Instructions 7 and 9 are criticised. The latter is somewhat obscure, it is true; but a little study thereof makes its meaning reasonably plain, and we think the jury could not have misunderstood it. The criticism of the former is without merit.

The defendant was a teacher in one of the county school districts of Lyon county, and the victim of his unnatural and lecherous assault was one of his pupils — a girl of

5. EVIDENCE: intent.

eleven years of age. Prior to the time of the assault for which he was convicted, he had been directing the minds of this girl and others about her age among his pupils to the subject of sexual intercourse by writing and delivering to them notes of the most obscene and disgusting character, in some of which, at least, he stated that when opportunity offered he would have sexual intercourse with them. There was also testimony showing that before the time of the assault in question he had abused the complaining witness by handling her person in an indecent manner. On the day of the assault there were only four pupils at school, all of whom were girls; the oldest being fifteen years of age, and the youngest eight. Every one of these girls was assaulted by the defendant on that day. In quick succession, one after another was taken into the schoolroom and debauched by him. These acts were all a part of the same transaction, under the holding in *State v. Desmond*, 109 Iowa, 72. But the appellant contends that the testimony showing the contents of the notes or letters written by him to the other girls was improperly admitted. We do not think so, however. The defendant's intent was the gist of the crime charged, and all testimony which tended to prove that intent was competent. It cannot be doubted that the letters written to the complaining witness were admissible, and the others were written to some of the other little girls who were the victims of his lust on the day in

question.   They were of the same stamp as those written to the complainant, were read by her, and, in our judgment, tended to prove the defendant's intent.   They clearly indicated the state of his mind when they were written, and his then purpose to have sexual intercourse with these girls, and his subsequent assault upon them was in exact accord with his expressed intent and purpose.   Stephen's Digest of Evidence, 28; *State v. Wallers,* 45 Iowa, 389; *State v. Vance,* 119 Iowa, 685, and cases cited therein.

It is said that the evidence does not show an intent to have sexual intercourse with the prosecutrix, but a very careful consideration of all the facts and circumstances proven leads us to a different conclusion.   Every act of the defendant leading up to the principal transaction, and his conduct on that occasion up to the very point of actual intercourse, tend to prove the intent charged; and the fact that it was not consummated, if·such be the fact, is not of itself sufficient to prove absolutely an absence of such intent when the assault was made.   There was sufficient corroboration of the prosecuting witness.

6. SAME.

The youth and inexperience of the State's witnesses justified considerable latitude in the form of the questions asked them, and we find no reversible error in the rulings thereon.   The argument of the county attorney was based on the evidence, and the proper inferences to be drawn therefrom, and we find nothing therein which requires a reversal of the case.

7. EXAMINATION OF WITNESSES.

The judgment was tempered with mercy and it is *affirmed.*