Sweet v. State.

---

CLARENCE A. SWEET V. STATE OF NEBRASKA.

FILED DECEMBER 20, 1905.    No. 14,087.

1. **Criminal Law: CHANGE OF VENUE.** A motion for a change of venue in a criminal prosecution is addressed to the sound discretion of the trial court, and, unless there has been an abuse thereof, its ruling on the motion cannot be disturbed. *Goldsberry v. State*, 66 Neb. 312.

1a. ———: ———. If from the showing made in support of and against the motion for a change of venue in a criminal case there is no reasonable ground shown on which to found a belief that the accused cannot have a fair and impartial trial in the county where the offense is alleged to have been committed, it is not error to deny such motion. *Goldsberry v. State*, 66 Neb. 312.

2. **Objections to Evidence.** An objection to a question on the ground that it is leading and calling for a conclusion of the witness does not properly raise the question of the competency of the evidence sought to be elicited by such question.

2a. **Harmless Error.** The admission of incompetent evidence may be error without prejudice, where the fact to which such evidence relates is otherwise established by competent evidence.

3. **Instruction:** EVIDENCE OF CHARACTER. It is not error to refuse an instruction concerning evidence of the previous good character of the accused, when the instruction calls attention especially to such evidence and to no other, and tells the jury that it may be relied on to raise a doubt of the guilt of the accused sufficient to acquit him, which, without such proof, would not have existed.

3*a*. **Evidence of good character** is always admissible as a circumstance favorable to the accused, to be considered by the jury in connection with the other evidence bearing upon the question of guilt or innocence, and given such weight as the jury believe it fairly entitled to, and when so considered it may be sufficient to create a reasonable doubt, when, without it, none would exist; but the conclusion of the jury is to be drawn from the whole of the evidence, and when, after giving evidence of good character due weight, the proof still shows the accused to be guilty beyond a reasonable doubt, such evidence of good character is unavailing.

3*b*. **Noninstruction** alone on the question of evidence of good character, in the absence of a proffered instruction correctly stating the law, is not reversible error.

4. **Instructions:** HARMLESS ERROR. Certain requested instructions examined, and the refusal to give the same *held* not prejudicial error.

5. **Error:** WAIVER. Errors assigned but not argued will be considered as waived.

ERROR to the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*J. C. Cook, W. S. Cook* and *F. Dolezal,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. T. Thompson,* contra.

HOLCOMB, C. J.

The defendant was tried and convicted of the crime of an assault upon a female child five years old with the intent to commit a rape, and by error proceeding brings the record of his trial here for review.

1. His counsel complain of the action of the trial court

in overruling his application for a change of venue. We are satisfied from an examination of the record that no error was committed in this regard. There is no showing of any considerable strength that the people of Holt county, outside of the immediate locality where the crime was alleged to have been committed, were unusually excited, or that the public feeling was greatly aroused, or that there existed a deep seated prejudice against the accused. The showing of bias and prejudice was limited to but a few, and then only to those who by reason of relationship or acquaintanceship with the alleged victim would naturally be expected to be incensed, and exhibit strong feeling against the accused. Some newspaper articles published in local papers of a somewhat inflammatory character were introduced in support of the application. A counter showing of equal or greater weight was made, tending to prove that a fair and impartial trial could be had by a jury wholly free from bias or prejudice against the defendant. Holt county is one of the large counties of the state, and has from 3,300 to 3,500 voters, a large percentage of whom are possessed of the qualifications of jurors. The county is not densely populated. The circulation of the local newspapers was limited, and we can find no sufficient basis in the record for holding that there existed reasonable grounds on which to found a belief that the accused could not have a fair and impartial trial in that county. On the authority of *Goldsberry v. State*, 66 Neb. 312, this alleged erroneous ruling is held to be not well taken.

2. During the examination of the mother of the child on whom the alleged assault was committed, she was asked: "Now then, you need not state what your child said to you, but you may state the fact, whether at that time, on the 14th day of May, your daughter Maudie complained to you that she had been assaulted, indecently assaulted by the defendant here." The record shows: "Counsel for defendant objects as leading and calling for a conclusion of the witness. Objection overruled. Defendant excepts."

The witness answered: "She did." Error is sought to be predicated on the above ruling. While the question may be answered yes or no, it is not for that reason alone leading. The question was preliminary, and for that reason permissible in the form asked. The trial court possessed a large discretion in permitting questions of a leading character to be propounded and answered, and we perceive no prejudicial error in its ruling in that regard in the case at bar. The question does not call for a conclusion of the witness. Whether complaint was made of an indecent assault is a fact rather than a conclusion. It does not appear that prejudicial error was committed in permitting the question to be answered notwithstanding this objection. The competency of the evidence sought to be elicited is argued in brief of counsel, but we do not regard the objection interposed as covering this question, or that such question is properly raised and presented for review by the objections interposed. The question propounded, we think, was objectionable in the form it was put. It, in substance, called for a statement made by the child and connected the defendant with the alleged statement. This, of course, if proper objections had been made and exceptions preserved, might have resulted in prejudicial error. We are of the opinion, however, waiving for the time being the form of the objection, that no serious consequences to the prejudice of the defendant resulted. But a few moments before this question was asked, this same witness, in an answer to a proper question, stated something the child had said, and it was moved by defendant's counsel to strike out what the child said, as incompetent. The state consented to its being stricken out and the court sustained the motion. The jury were thus clearly advised that statements made by the child were not to be considered; and the question objected to especially disclaimed intention to have the witness testify to anything the child said to her. There is also in the record undisputed testimony of a credible character of admissions made by the defendant concerning his relations with the child, which

proved much more than was implied in the objectionable question, or that possibly could be inferred therefrom when answered in the affirmative. Upon full consideration of the matter, we are disposed to the view that the judgment ought not to be reversed because of this alleged erroneous ruling of the trial court. See in this connection *State v. Crawford*, 96 Minn. 95.

3. Evidence of the previous good character of the accused was submitted to the jury for its consideration, and the court was requested to instruct the jury on this point, as follows: "The jury are instructed that the accused has called witnesses to prove his good character for morality and virtue; the same is before you pertinent and proper. And the evidence that the defendant possessed a good character for virtue may be relied on to raise a doubt of his guilt sufficient to acquit him, which, without such proof, would not have existed." The requested instruction was refused and an exception duly taken. This ruling is assigned as error. As an abstract proposition of law there is, perhaps, nothing unsound in the statement contained in the instruction. It is not to be doubted that evidence of good character weighs in favor of the accused, and may be sufficient to turn the scales in his behalf, when all else has failed. It may be sufficient to generate a reasonable doubt in the minds of the jury, which would not have arisen were it not for such evidence. The same, however, may be said of most of the evidence introduced in behalf of a defendant accused of crime, but this would hardly justify the trial court in selecting certain parts of the evidence, calling attention of the jury especially to the portion or portions thus selected, and say to them that such evidence may be relied upon to raise a doubt of the defendant's guilt sufficient to acquit him, which, without such proof, would not have existed. But it is said that this instruction has been by this court approved in the case of *Garrison v. People*, 6 Neb. 274, in the very language as now drafted. That case hardly supports the contention of counsel that it would be error to the prejudice

of the defendant to refuse to give such an instruction when requested in his behalf. It is true the instruction was given in that case worded as is the one under consideration. It is equally true that, if the court erred in giving the instruction in the case cited, the error was favorable to the defendant, and for the giving of the instruction he had no cause to complain. It was the defendant in that case complaining of the giving of the instruction, and not of the court's refusal to give it, as in the case at bar. The question therefore now being considered is an altogether different one than was the question determined in the authority relied upon. A study of that opinion will reveal that the court did not approve the giving of the instruction as a correct statement of the law for the guidance of the jury. It was expressly held that, "where evidence of good character is before the jury, it is their duty to give it such weight as they think it is entitled to." "It is," say the court, "the province of the jury to weigh the evidence and determine the facts, and they should be left as free and untrammeled to give such weight to the evidence of good character as they are in relation to other facts." In *Latimer v. State,* 55 Neb. 609, 620, it is said: "In the case at bar there was before the jury evidence of the prisoner's good character, and it was the province of the jury to consider this evidence, as all the other evidence in the case, and to give it such weight as they deemed it entitled, and they should have been left free and untrammeled in this respect." In *Johnson v. State,* 34 Neb. 257, it is held: "Previous good character of the accused in a criminal prosecution is a fact which he is entitled to have submitted for the consideration of the jury precisely as any other circumstance favorable to him, without any disparagement by the court." It must at once become obvious that, if to disparage evidence of good character is a vice, it is equally erroneous to single out in the court's instructions a particular fact or facts, and to give special prominence and emphasis to its value as evidence or the weight to be given by the jury to such proof. *Rising v. Nash,* 48

Neb. 597, and *First Nat. Bank v. Lowrey Bros.*, 36 Neb. 290.

The instruction under consideration tells the jury that evidence of good character may be relied upon to raise a doubt of the defendant's guilt sufficient to acquit him, which, without such proof, would not have existed. The fault of the instruction is in segregating this particular item of evidence, and giving it such prominence as to its weight and sufficiency, and instructing the jury that it could be relied on to raise a reasonable doubt which otherwise would not be entertained. It separated this proof of good character from the other evidence in the case, and gave to it a degree of importance it was not entitled to. Charges that good character, if proved, may sometimes have the effect to generate such a doubt as would authorize an acquittal, even when the jury would otherwise have entertained no doubt, and that a defendant may offer evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a doubt of his guilt, were properly refused, as tending to give undue prominence to evidence of the good character of the defendant. *Goldsmith v. State,* 105 Ala. 8. See also *Lillie v. State,* 72 Neb. 228. The true rule, we think, is that evidence of good character is always admissible as a circumstance favorable to the accused, to be considered by the jury in connection with the other evidence bearing upon the question of guilt or innocence, and given such weight as the jury believe it fairly entitled to, and when so considered it may be sufficient to create a reasonable doubt, when, without it, none would exist; but the conclusion of the jury to be drawn from the whole of the evidence, and when, after giving evidence of good character due weight, the proof still shows the accused to be guilty beyond a reasonable doubt, such evidence of good character is unavailing. 12 Cyc. 620, and authorities cited. 4 Elliott, Evidence, sec. 2721. We are of the opinion that the mere failure of the court to give an instruction relative to the question of the evidence introduced to prove

good character cannot operate to work a reversal of the judgment, and we find no complaint in the motion for a new trial regarding such alleged error. The evidence concerning previous good character was admitted for the consideration of the jury, and they were instructed generally that the question of the guilt or innocence of the accused was to be determined from an impartial consideration of the whole of the evidence before them. While the giving of an instruction respecting evidence of good character may have been proper, noninstruction alone on that point, in the absence of a proffered instruction correctly stating the law, is not prejudicial error.

4. The defense requested of the court the giving of three certain instructions, which were each refused, and exceptions to the ruling as to each instruction duly taken and preserved. It is argued that these several instructions were responsive to the theory of the defense, as presented by his plea of not guilty and the evidence introduced in the case, and that prejudicial error was committed by the court in refusing to give such requested instructions. The substance of these instructions is that, before the accused could be found guilty of the charge of assault with intent to commit rape, it must be made to appear to the jury by the evidence beyond reasonable doubt that the defendant was infected with a gonorrheal disease, and that he communicated such disease to the person he was charged with assaulting by connection or touching of the sexual organs. The state, in making its case, offered evidence tending to prove that the accused was infected with the disease mentioned, and that the little girl he was charged with assaulting became infected with the same disease at or about the time of the alleged assault, as a circumstance tending to establish the charge contained in the information. There was evidence tending to prove that the disease might be transmitted and communicated to others by means other than by contact of the sexual organs. The theory of the accused, if we understand counsel aright, is that under the evidence the jury might very reasonably have enter-

tained a doubt as to whether the disease was communicated by the coming in contact of the sexual organs of the accused and his alleged victim, and, if so, he could not be found guilty of the crime charged, and the instructions requested should therefore have been given, as presenting his theory as to the communication of the disease in a way that was consistent with his innocence. The court, we are of the opinion, committed no prejudicial error in its ruling on these requested instructions. Had the charge been rape, instead of an assault to commit a rape, the instruction would have been more pertinent and proper. They do not correctly define the law as to what constitutes an assault with intent to commit a rape, nor do they state a correct rule when applied to the evidence in the case at bar. The jury could find under the evidence the defendant guilty, without finding from the evidence beyond a reasonable doubt that the disease was transmitted to the person assaulted by connection or contact of the sexual organs. The evidence would not, in our judgment, justify a conviction, unless the jury believed beyond a reasonable doubt that the disease was communicated by the accused to the person assaulted at the time of the assault and as a part of the transaction constituting the crime charged, but to say that its communication must be restricted to connection or contact of the sexual organs of both the parties is placing a too narrow construction on the evidence. The crime charged may have been committed without the touching of these organs, and the disease, according to the defendant's own theory, may also have been transmitted without actual connection or contact of the organs of generation. The court gave several instructions to the jury, at the request of the defendant, directing the jury that they could only find the defendant guilty of the crime charged, and that they were not to be moved by any other consideration, and must from an impartial consideration of all the evidence be satisfied of his guilt beyond a reasonable doubt. Under the evidence the disease with which the accused was infected could have been transmitted to his

alleged victim only by his being indecently familiar with her or by the assault charged. While the disease may be transmitted from one to another in various ways, according to the evidence, there was no evidence by which the girl may have become infected with it, save in the manner stated, and the jury would not be permitted to conjecture and speculate regarding possibilities to support which there was no evidence in the record. The jury were not only directed that the crime charged must be proved beyond a reasonable doubt, and that the evidence alone must be looked to on which to base a verdict of guilty, and that the defendant was entitled to the benefit of all reasonable doubt on every essential element necessary to constitute the crime, but also, at the request of the accused, that evidence of indecent familiarity alone would not be sufficient to establish guilt of an assault with intent to commit a rape. They were also directed that, if a reasonable doubt was entertained as to his guilt of the higher crime charged, he should be acquitted of that charge and found guilty of simple assault, if satisfied from the evidence beyond a reasonable doubt that an unlawful assault was committed; and, if not, to return a verdict of not guilty. The requested instructions but stated in another form what the jury had already been charged, and with the given requested instructions it is not perceived that the substantial rights of the defendant have been violated by the refusal of the court to give those we have been considering, of which complaint is made.

5. Other alleged errors are assigned, but as they are not argued in briefs, nor in the oral arguments, they will be considered as waived. *Madsen v. State*, 44 Neb. 631.

Finding no error in the record working prejudice to the substantial rights of the accused, the judgment is accordingly

AFFIRMED.