McDougal v. State.

ISAAC N. MCDOUGAL v. STATE OF NEBRASKA.

FILED JANUARY 19, 1921.   No. 21402.

Criminal Law: REFUSAL OF INSTRUCTION. When in a criminal case the accused has introduced evidence tending to prove good character, and the court has not instructed the jury thereon, it is reversible error to refuse a tendered instruction that correctly states the law on that question.

ERROR to the district court for Red Willow county: CHARLES E. ELDRED, JUDGE. *Reversed.*

*Walter D. James, Somerville & Kiplinger* and *Lambe & Butler,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra,*

DEAN, J.·

Isaac N. McDougal, aged 63, was charged with the crime of committing a rape upon the person of a female child under the age of statutory consent. The jury found him guilty of an assault with intent to commit the crime with which he was charged and he was sentenced to serve an indeterminate term of from two to fifteen years in the penitentiary. From a judgment on the verdict he prosecutes error.

Defendant denied his guilt and introduced witnesses tending to prove that he was a man of good reputation and of good repute for virtue and chastity. Matt Stewart is a county commissioner and has been a resident of M·Cook and of the county more than 20 years. He has known defendant 14 or 15 years, and testified that his reputation "for virtue and chastity" in the community in which he lived was good. Mrs. Rink, who for 12 years has resided on a farm about one mile from the home of the prosecutrix and who was acquainted with defendant 15 or 20 years, testified that his reputation in the community was good

as to "good moral character" and with respect to "virtue and chastity." John E. Kelly is a lawyer who has resided at McCook 35 or 40 years and has known defendant 10 years. He testified that he never heard defendant's reputation for virtue and chastity questioned "up to that time," meaning until he was charged with the crime in question. The state did not cross-examine the character witnesses nor offer any evidence on that subject.

The court of its own motion gave eleven instructions, but did not instruct on character. Three instructions on that subject were separately tendered by defendant and all were refused. As to one of them the refusal was without error. Two of the requested instructions correctly state the law and either one of them should have been given as requested. The two instructions so tendered and refused follow:

"You are instructed by the court that, while previous good character does not constitute an excuse or justification for the commission of a crime, still evidence of good character is allowed by law as substantive proof, and either of itself or in connection with other evidence may be sufficient to produce an acquittal by the creation of a reasonable doubt in the minds of the jurors. It is to be considered by you with all the other evidence in the case in determining the general question of guilt or innocence, and is to be given by you such weight as, under all the facts and circumstances, it is entitled to in the sound judgment of the jury."

The other reads: "You are instructed by the court that the defendant has called witnesses to prove his good character. Such evidence is admissible under the law as a circumstance favorable to the accused to be considered by you as jurors, in connection with all the other evidence bearing upon the question of guilt or innocence, and to be given such weight as the jury believe it fairly entitled to, and, when so considered, it may be sufficient to create a reasonable doubt, when, without it, none would exist; but your verdict is to be drawn from the whole evidence,

McDougal v. State.

and when, after giving evidence of good character due weight, the proof still shows the accused to be guilty beyond a reasonable doubt, such evidence of good character is unavailing."

Whether the court erred in refusing to give either of the above instructions is the only error alleged and is the only point to be decided here. The question involved here is well settled in this state. "Previous good character of the accused in a criminal prosecution is a fact which he is entitled to have submitted for the consideration of the jury precisely as any other circumstance favorable to him, without disparagement by the court." *Johnson v. State,* 34 Neb. 257. To the same effect is *Sweet v. State,* 75 Neb. 263.

The same question arose in a criminal case in Michigan. In *People v. Garbutt,* 17 Mich. 8, the trial court refused to give an instruction that was tendered as to good character. This was held to be error. Judge Cooley wrote the opinion of the court and said: "Good character is an important fact with every man; and never more so than when he is put on trial charged with an offense which is rendered improbable in the last degree by a uniform course of life wholly inconsistant with any such crime. There are cases where it becomes a man's sole dependence, and yet may prove sufficient to outweigh evidence of the most positive character. The most clear and convincing cases are sometimes satisfactorily rebutted by it, and a life of unblemished integrity becomes a complete shield of protection against the most skilful web of suspicion and falsehood which conspirators have been able to weave. Good character may not only raise a doubt of guilt which would not otherwise exist, but it may bring conviction of innocence. In every criminal trial it is a fact which the defendant is at liberty to put in evidence; and, being in, the jury have a right to give it such weight as they think it entitled to." 16 C. J. p. 584, sec. 1129, p. 979, sec. 2380; *People v. Jackson,* 182 N. Y. 66; *People v. Bonier,* 179 N. Y. 315; *United*

McDougal v. State.

*States v. Gunnell,* 16 Mackey (D. C.) 196; *Bishop v. State,* 72 Tex. Cr. Rep. 1.

In *Sweet v. State,* 75 Neb. 263, at page 270 the court say: "While the giving of an instruction respecting evidence of good character may have been proper, noninstruction alone on that point, in the absence of a proffered instruction correctly stating the law, is not prejudicial error." But that is not the case here. Noninstruction alone is not the basis of the complaint in the present case, but refusal to give a tendered instruction on character that correctly stated the law on that subject.

It seems to be the universal rule that, when in a criminal case the accused has introduced evidence tending to prove good character and the court has not instructed the jury thereon, it is reversible error for the court to refuse to give the tendered instruction that correctly states the law on that question.

The judgment is reversed and the cause remanded for further proceedings in accordance with law.

Reversed.

Letton, J., dissenting.

The proof of defendant's guilt is clear and convincing, not only from the mouths of witnesses, but from the physical facts in evidence. The defendant is a farm laborer without a fixed place of abode except when employed, although he appears to have lived in and about McCook most of the time for a good many years. Five witnesses were called as to character, but only two fully qualified themselves and gave positive testimony in defendant's favor. The jury had the benefit of this evidence, and it was fully instructed as to the presumption of innocence. The defendant requested twenty-one instructions in all, four of them on the question of character. Some of the latter were erroneous as applied to the facts. Considering all the circumstances in this case, while the court should have given an instruction on this subject, I am of the opinion that the defendant would and should have been convict-

ed in any event, and that the refusal to give one of the four instructions tendered on this point does not justify a reversal and a retrial of the case.

ROSE, J., concurs in this dissent.