WILLIAM G. GARRETT v. STATE OF NEBRASKA.

FILED APRIL 10, 1923. No. 23124.

1. **Homicide:** INTENT. Intent is an essential element of the crime of
   assault with intent to commit murder and proof of such intent
   is indispensable to support a conviction.

2. ———: INSUFFICIENCY OF EVIDENCE. The record examined, and,
   *held,* that there is no proof to show that defendant committed either
   of the offenses with which he is charged in the information.

ERROR to the district court for Kearney county:
WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*Bruckman & Paulson,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W.
Ayres, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY,
JJ., BUTTON, District Judge.

DEAN, J.

Defendant was informed against in Kearney county
and charged, in the first count of the information, with
having maliciously and feloniously made an assault upon
Hannah C. Garrett, his wife, with a double-barreled
shotgun, with intent to kill and murder her. In the
second count he was charged with having made an assault
upon her with intent to inflict great bodily injury. De-
fendant was found guilty and was sentenced to serve 5
years in the penitentiary. He prosecutes error.

Defendant is a tenant farmer residing on a farm about
five miles from Minden. April 12, 1922, the sheriff
called at his home twice to serve certain writs on him,

namely, one in a suit brought by his wife for a divorce, the other was a writ of habeas corpus under which it was sought to deprive him of the custody of his six minor children ranging from five to seventeen years of age. It appears that while the sheriff was at his place defendant had a loaded shotgun under his arm and that he was much excited and greatly disturbed over the misfortunes that had overtaken him and his household.

Defendant indulged in a good deal of boisterous and ill-timed talk about shooting, before the sheriff left the premises, and made threats that might have justified a prosecution for a misdemeanor under section 9554, Comp. St. 1922, which provides for the punishment of one who "threatens another in a menacing manner." But whether defendant threatened his wife or threatened the sheriff, who was present throughout the verbal eruption, that officer testified that he did not know from anything that he said. His wife, however, testified that he threatened to shoot her and then to shoot himself and that he said that if he could not have her nobody else could have her, and that if he could not have the children she could not have them. It also appears that defendant and his wife talked together about a reconciliation soon after the threats were made.

The information was drawn under sections 9553 and 9556, Comp. St. 1922. Section 9553 provides: "Whoever shall maliciously shoot, stab, cut, or shoot at, any other person with intent to kill, wound, or maim such person, shall be imprisoned in the penitentiary, not more than twenty years nor less than one year." Section 9556 provides: "Whoever assaults another with intent to inflict a great bodily injury, shall be punished, on conviction thereof, by imprisonment in the penitentiary for not less than one year nor more than five years."

Notwithstanding defendant's extravagant talk, the proof fails to show that he committed either of the offenses with which he is charged in the information. That

he is entitled to a fair and impartial trial goes without saying. With respect to the gun maneuver, the sheriff testified that it was all over in 30 seconds, and that while defendant held the shotgun he, the sheriff, held the gun-barrel, and it was shown that defendant whether under direction of the sheriff or of his own volition does not clearly appear from the sheriff's evidence, pulled the triggers and discharged the contents of the gun into the ground. On this point defendant testified that the sheriff held the gun-barrel when it was pointed down and told him to pull both triggers. He said he did as requested and the contents of the gun were discharged. It is not shown that defendant at any time pointed the gun at any person, nor that he assaulted any person, nor that he made any attempt to inflict bodily injury upon any person. In this connection it may be added that five character witnesses testified that defendant's reputation, as a peaceable citizen, was good in his home community and their testimony was not contradicted by the state. *McDougal v. State,* 105 Neb. 553, and cases there cited.

That defendant talked much and unwisely abundantly appears and that is about all the record discloses with respect to his conduct. The law is that intent is an essential element of the crime of assault with intent to commit murder and proof of such intent is indispensable to support a conviction. *Botsch v. State,* 43 Neb. 501.

Defendant points out 55 alleged assignments of error. Of these 22 have to do with instructions given by the court and 18 point out alleged error in the refusal to give instructions tendered by defendant. The remainder are concerned for the most part with the assignments which are discussed in the opinion. In view of our conclusion we do not find it necessary to discuss the assignments in respect of the instructions.

The judgment of the district court is reversed and the cause remanded.

REVERSED.