STATE OF IOWA, Appellee, v. WILL BAENE, Appellant.

**WITNESSES:** Credibility—Falsus in Uno Falsus in Omnibus. In a prosecution for rape, wherein prosecutrix has unquestionably and willfully testified falsely to material matter, it may be reversible error for the court to refuse an instruction to the effect that the jury may disregard her entire testimony except in so far as it may find her corroborated by other testimony.

*Appeal from Webster District Court.*—H. E. FRY, Judge.

DECEMBER 14, 1923.

THIS is a prosecution for statutory rape, alleged to have been committed by the defendant upon the prosecutrix, Anna Skoland, on the 19th day of July, 1921, the said prosecutrix being then and there a female under 17 years of age, and defendant being over the age of 25 years. There was a verdict of guilty, and judgment entered thereon, and sentence of life imprisonment in the penitentiary imposed. The defendant appeals.—*Reversed.*

*George H. Bradshaw,* for appellant.

*Ben J. Gibson,* Attorney-general, for appellee.

EVANS, J.—The story of the prosecutrix disclosed by the record is that, on the evening of July 19, 1921, between 5 and 6 o'clock, the defendant invited the prosecutrix and her sister

Evelyn for a ride in his motor cycle, which carried a side car. They took with them the little brother of the prosecutrix, three years of age. They drove on the highway around the section. On the farther side of the section, the defendant stopped the motor cycle, and accomplished his purpose by force and threats, including the firing of a revolver. The sister, Evelyn, was one year younger than the prosecutrix. The rape was accomplished in the presence of the sister and the little brother. Thereafter, they all returned home, riding the motor cycle in precisely the same manner as they had left. No disclosures were made to the family of the prosecutrix, either by herself or by her sister; nor was there any apparent excitement on their part. The home of the prosecutrix was on a farm. The defendant had done more or less farm work, apparently by the day, upon this place. He was at work there that afternoon, shocking oats. The prosecutrix was also engaged in the same work. It was at the close of the work that the ride was undertaken. The first acquaintance between the defendant and the prosecutrix was in June preceding. The defendant visited the farm thereafter, one or more times, before he was charged with this offense. About two months thereafter, and after the prosecutrix had written the defendant a letter, advising him of her pregnancy, and charging him with being the cause thereof, he was arrested.

The appellant presents a large number of assignments of error, the major part of which are without merit, upon the record. Several of these relate to alleged misconduct on the part of the county attorney, both in his opening statement to the jury and in his argument to the jury. None of these statements were preserved in the record. They are, therefore, beyond our power of review. Complaint is also made of the method of examination of witnesses by the county attorney. These objections, however, were all promptly and persistently made by defendant's counsel upon the trial, and were quite generally sustained by the trial court. No reviewable error, therefore, is presented at this point.

It is earnestly urged that the verdict is not sustained by the evidence. A motion was made to direct a verdict, for want of sufficient evidence, and this was overruled. The evidence was sufficient to sustain a finding that the defendant had sexual intercourse with the prosecutrix at some time prior to the arrest,

and that the ages of the prosecutrix and the defendant were respectively as charged in the indictment. This constituted the statutory offense, regardless of other aggravating circumstances testified to by the prosecutrix.

There is but one legal question of serious doubt in the case. The defendant requested an instruction to the jury to the effect that, if the jury found that the prosecutrix, Anna Skoland, had knowingly sworn falsely to any material fact, this would justify the jury, in its discretion, in disregarding all her testimony. This instruction was refused, over the defendant's exception.

The instruction asked was not strictly correct in form, in that it omitted the usual reference to corroboration of such testimony. Whether it ought to be given in the particular case is a question dependent upon the state of the record in that case, and some latitude of judgment must be permitted to the trial court. That the prosecutrix did testify falsely to material matters is quite beyond debate, upon this record. She testified that she had never had sexual intercourse with any person other than the defendant. She charged the defendant with being the father of her child. The child was born January 2, 1922. To avoid offered proof, the State admitted of record that the child "was a full nine-months child." It also appears without dispute that the first acquaintance of the prosecutrix with the defendant was sometime in June, 1921. It was not essential for the State to prove either the previous chaste character of the prosecutrix or that the defendant was the father of her child. It was sufficient to prove that the intercourse was had. But such evidence by the prosecutrix was material, nevertheless, and admissible as such on behalf of the State, in proof of the main issue. That the prosecutrix, as a witness, knowingly testified falsely in this respect is indisputable. Her testimony as to the circumstances of the intercourse in July is almost incredible, in its manifest inconsistency and probable exaggeration. On the other hand, the evidence of intercourse at some time prior to the arrest had some corroboration in the subsequent alleged conduct and conversation of the defendant himself. Though it be true, therefore, that the evidence is sufficient to sustain the conviction upon the essential elements of the charge, we are constrained to

the view that the case presented was pre-eminently one where such instruction in proper form ought to have been given.

We are somewhat confirmed in this conclusion by the further fact that the defendant put his character in issue, and it was made to appear, by the undisputed evidence of several witnesses, that he had always borne a good reputation, previous to this charge. On the other hand, it is made to appear by the undisputed evidence of several witnesses that Lars Skoland, the father of the prosecutrix, and one of her material witnesses, bore a bad reputation. He was the only witness by whom the exact age of the prosecutrix could be proved.

We reach the conclusion that strict justice will be more surely subserved by the granting of a new trial. The judgment below is, accordingly, reversed.—*Reversed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.