(No. 5186. April 3, 1929.)

STATE, Respondent, v. STEVEN DOWELL, Appellant.

[276 Pac. 39.]

458

Fisher & Coffin, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

GIVENS, J.—For reversal of conviction for attempt to commit rape, appellant, charged with rape, assigns some fifty-four errors which may be considered under combined groups as we proceed.

Defendant, an elderly man, at least permitted, if he did not encourage the visits in his rooms in a business block in Boise where he resided, working therein as janitor or fireman, of several young girls, aged from eleven to fifteen, among them the prosecutrix. Prior to his residence in the business block he had rooms at his daughter's in Boise where he became acquainted with the girls, the family of the prosecutrix being adjoining neighbors. The suspicions of the police being aroused by the noises in his room in the evenings, which could be heard from the street, they raided it and found there three of the girls at about 11 o'clock at night. His detention and arrest on the charge filed followed.

The first error assigned is the admission of evidence showing improper conduct and undue familiarity with a girl other than the prosecutrix, in the presence of the prosecutrix. Defendant relies on the general rule as announced in *State v. Garney,* 45 Ida. 768, 265 Pac. 668, and *State v. Larsen,* 42 Ida. 517, 246 Pac. 313; and as to the particular point on *People v. Gibson,* 255 Ill. 302, 99 N. E. 599, 48 L. R. A., N. S., 236. It will be noted that in *State v. Garney,* and *State v. Larsen, supra,* the evidence complained

of was not of acts in the presence of the prosecutrix, and the court in both cases emphasized that the incident "was not connected in the slightest degree" with the crime charged; was "wholly independent and unrelated"; that "there must be a causal relation or logical connection between the two acts," that is, the offense charged and the evidence complained of.

*People v. Gibson, supra,* wherein the facts were similar to those in the case at bar except that the two acts therein took place on the same occasion whereas here they did not, is greatly weakened, if not entirely overruled on this point, by the attempted distinguishment in *People v. Pargone,* 327 Ill. 463, 158 N. E. 716, both cases by the same court.

The defendant claimed the visits of these girls were innocent and that nothing improper ever took place; that while they played and fooled around, all was innocent fun. While no conspiracy, as such, was charged, it was competent for the state to prove that the meetings, visits and association of defendant and these girls were not innocent. The two events were connected because one concerned the commission of an offense with defendant, the other conduct of similar character in her presence, and showed the familiarity of defendant with these girls on continuing occasions. The language in *State v. Hammock,* 18 Ida. 424, 110 Pac. 169, is pertinent:

"The evidence as to the commission by the defendant of other like crimes was not inadmissible, as it occurred in this case. This evidence developed while the state was proving the statements and declarations made by Mrs. Hammock with reference to this specific crime, and the conduct and habit of the defendant in the accomplishment of the general purpose of gratifying his lust on this and other girls, and to the furtherance of which purpose and design Mrs. Hammock seems to have lent her aid and assistance. Any evidence of other crimes which developed was so intimately and inseparably connected with the circumstances of this specific offense as to render it admissible as a part of the common criminal design, all of which was necessarily admissible in

order to get a clear understanding of the situation of the parties and the probable truth or falsity of this charge.''

Herein there is evidence that defendant had, or at least attempted to have, intercourse with each girl in the presence of the other. The facts in *State v. Shtemme,* 133 Minn. 184, 158 N. W. 48, are quite similar to the facts herein and the reasoning cogent and conclusive and supported by the authorities therein cited. Speaking of another offense committed with another girl in the presence of the prosecutrix, the court said:

''It is true the state did not need to prove intent as an ingredient of the crime in this case, but it was nevertheless proper to show defendant's conduct and purpose toward Viva. The act with Florence in Viva's presence, in ' a way characterizes his conduct and disposition toward her also. *State v. Sheets,* 127 Iowa, 73, 102 N. W. 415; *Proper v. State,* 85 Wis. 615, 55 N. W. 1035.

''In like manner the testimony was properly received that defendant permitted these young girls, Viva being one of them, to drink beer and smoke cigarettes during their visits, and that he openly took liberties with them. It tended to prove the disposition of defendant and his purpose in having the girls come to his rooms, and corroborates the testimony of Viva as to the act of which he was found guilty. There can be no question that both prior and subsequent conduct in respect to Viva, reasonably near to the offense charged, was proper evidence (*State v. Schueller,* 120 Minn. 26, 138 N. W. 937; *State v. Roby,* 128 Minn. 187, Ann. Cas. 1915D, 360, 150 N. W. 793), and behavior toward the girls when Viva was one of them would seem equally proper testimony.''

See, also, *State v. Desmond,* 109 Iowa, 72, 80 N. W. 214; *State v. Sheets,* 127 Iowa, 73, 102 N. W. 415; 1 Wigmore on Evidence, 2d ed., secs. 357, 398.

 The trial court sustained objections to the prosecution to evidence tending to show that the prosecutrix and her companions had begged or stolen money from men other than the defendant, danced for money before drunken men,

etc. This evidence was clearly immaterial and would not have negatived any legitimate inferences that the jury might have drawn from the fact that they were at the same time receiving money from the defendant, if in fact, this was the purpose for which it was offered.

In statutory rape, evidence of prior loose conduct, as tending to show consent, is, of course, immaterial. (*State v. Hammock, supra;* 33 Cyc. 1481.) It was inadmissible as affecting credibility. (*State v. Eberline,* 47 Kan. 155, 27 Pac. 839.)

The exclusion of evidence showing that a pair of shoes belonging to the prosecutrix and found in the defendant's room had been stolen did not prejudice the defendant.

Assignments 18, 19, 20 and 21 relate to the refusal of the trial court to permit questions testing the witness' understanding of the import of an oath. To allow or reject questions of this character is within the discretion of the trial court, and we must assume, in the absence of a showing of flagrant error, that the court was satisfied that the witness was sufficiently aware of the solemnity of an oath. (*Webb v. State,* 7 Ga. App. 35, 66 S. E. 27.)

Numerous assignments refer to the exclusion of questions touching the credibility of the state's witnesses. Some of the questions had no materiality whatever in attacking the credibility of the witnesses and were improper cross-examination. Others sought to establish a variance between the testimony given at the first trial and that given at the second. Any variance appearing in the record had no bearing on the issues of the case and was so inconsequential as to be immaterial.

The same conclusion applies to the exclusion of evidence complained of in assignments 32 to 40. The questions excluded related to events that took place after the arrest of the defendant during a preliminary examination of defendant and the girls by the prosecuting attorney and police officers. The evidence does not show that any effort was made to coerce the witnesses and unless offered to establish coercion it was immaterial.

 Error is assigned because of the admission of evidence relating to an alleged confession of the defendant. Whether the confession made by him to the officers the night of his arrest had been made voluntarily was a question directed primarily to the discretion of the trial court and it is not shown that he improperly admitted it. (*State v. Andreason,* 44 Ida. 396, 257 Pac. 370; *State v. Jeanoes,* 36 Ida. 810, 213 Pac. 1017; *State v. Nolan,* 31 Ida. 71, 169 Pac. 295.)

 Defendant's requested instructions, numbers 3 and 6, were argumentative and unduly pointed out and emphasized certain features of the evidence and hence were properly refused.

 Error is assigned because of the refusal of the following instruction:

"The court instructs the jury that the evidence of good character is not a mere make-weight, thrown in to assist in the production of a result that would happen at all events, but is positive evidence and may of itself, by the creation of a reasonable doubt, produce an acquittal."

No other instruction was given with particular reference to the character evidence introduced.

This instruction is taken *verbatim* from a Pennsylvania case, *Heine v. Commonwealth,* 91 Pa. 145. In that case the court had instructed the jury that character evidence was of no consequence except where the issue was doubtful when it was to be thrown to the aid of the defense to produce an acquittal. The appellate court properly pointed out that such an instruction was erroneous; that it made character evidence of no weight whatever because if there was doubt as to defendant's guilt, this, of itself, without the character evidence, entitled him to an acquittal. The court then concluded its comment with the words of the instruction which defendant has requested in this case. They were not given originally to a jury as an instruction and in their original setting, they have a meaning quite different from that which would be given to them by a jury.

It is true that in a later Pennsylvania case, *Commonwealth v. Harmon,* 199 Pa. 521, 85 Am. St. 799, 49 Atl. 217, they were repeated by a trial court as part of an instruction, but a reference to that case shows that they were qualified in such a way as to state correctly the law.

Evidence of good character should be considered by the jury, not solely by itself but in connection with all the evidence in the case. (*Edgington v. United States,* 164 U. S. 361, 17 Sup. Ct. 72, 41 L. ed. 467; *Linn v. United States,* 251 Fed. 476; *Phillips v. State,* 161 Ala. 60, 49 So. 794; *Sweet v. State,* 75 Neb. 263, 106 N. W. 31; *People v. Hancock,* 7 Utah, 170, 25 Pac. 1093; *Niezorawski v. State,* 131 Wis. 166, 111 N. W. 250; 10 A. L. R. 105, note.)

In the very recent case of *Kreiner v. United States,* 11 Fed. (2d) 722, the refusal of an instruction similar to the one requested herein was approved. Judge Rogers, writing the opinion for the circuit court of appeals, second circuit, said:

"The charge, as requested, was erroneous, and should not have been given. The request might have been good if it had been that evidence of good character, when considered with other evidence in the case, may be, of itself, sufficient to raise a reasonable doubt in the mind of the jury. But in the form in which it was requested, it was, in our opinion, unsound because it directed the jury's special attention to the evidence as to character without respect to the other evidence in the case. We understand the rule to be that the jury are to consider all the evidence in the case, including that of good character, and when so considered the evidence of good character may be sufficient to give rise to a reasonable doubt justifying a verdict of acquittal, when without it the other evidence in the case would be convincing of defendant's guilt."

While the question was not discussed, an instruction embodying these features was approved in *State v. McGreevy,* 17 Ida. 453, 105 Pac. 1047. See *Sunderland v. United States,* 19 Fed. (2d) 202; *State v. Goldsmith,* 105 Ala. 8, 16 So. 933; *Nelms v. State,* 123 Ga. 575, 51 S. E. 588; *State v.*

*Nicholls,* 50 La. Ann. 699, 23 So. 980; *State v. Ames,* 90 Minn. 183, 96 N. W. 330.

In several jurisdictions it has been held that where an instruction has been requested, pertinent to an issue, though incorrect in substance, it is the duty of the trial court to give a correct one covering the point raised. (*State v. Baene,* 196 Iowa, 1310, 196 N. W. 89; *Karnes v. State,* 111 Neb. 435, 196 N. W. 676; *Thomas v. State,* 13 Okl. Cr. 414, 164 Pac. 995; *State v. Terrell,* 55 Utah, 314, 25 A. L. R. 497, 186 Pac. 108; *Sims v. Commonwealth,* 134 Va. 736, 115 S. E. 382; *Nelson v. Commonwealth,* 143 Va. 579, 130 S. E. 389.)

The rule in effect in a majority of the states, and which we believe on principle to be the better of the two is that the failure of the trial court to give a proper instruction of his own motion where an erroneous one has been requested is not error. (*Timell v. United States,* 5 Fed. (2d) 901; *Chambers v. State,* 168 Ark. 248, 270 S. W. 528; *People v. Byler,* 35 Cal. App. 208, 169 Pac. 431; *People v. Wagner,* 65 Cal. App. 704, 225 Pac. 464; *White v. People,* 79 Colo. 261, 245 Pac. 349; *People v. Smith,* 318 Ill. 114, 149 N. E. 3; *Ruse v. State,* 186 Ind. 237, 115 N. E. 778, L. R. A. 1917E, 726; *State v. Quartier,* 118 Or. 637, 247 Pac. 783; *State v. Starr,* 24 N. M. 180, 173 Pac. 674.)

A judgment will not be reversed where the erroneous instruction requested pertained to a collateral matter or a point not vital to the defense. (*Watson v. State,* 111 Neb. 352, 196 N. W. 630; *Morris v. Territory,* 1 Okl. Cr. 617, 99 Pac. 760, 101 Pac. 111; *Sims v. Commonwealth, supra.*)

In the case of *Watson v. State, supra,* an instruction covering character evidence, substantially like the one requested in the case at bar, was refused and no other instruction was given. The general rule in Nebraska is that the court must give a correct instruction if an erroneous one is requested. The court held that in spite of this rule, the evidence relating to character was not so vital to the defense that a reversal would be ordered for the failure to give an instruction especially pertaining to it.

See, also, the following cases holding that a character instruction need not be given without a proper request: *Kreiner v. United States, supra; Brantley v. State,* 154 Ga. 80, 113 S. E. 200; *State v. Podor,* 154 Iowa, 686, 135 N. W. 421; *State v. Peterson,* 38 Kan. 204, 16 Pac. 263; *People v. Luce,* 210 Mich. 621, 178 N. W. 54; *State v. McNamara,* 100 Mo. 100, 13 S. W. 938; *Sweet v. State,* 75 Neb. 263, 106 N. W. 31; 16 C. J. 980.

The above is not out of harmony with the following cases holding that an omission to charge on a particular point does not constitute reversible error where no instruction was requested: *State v. Jurko,* 42 Ida. 319, 245 Pac. 685; *State v. Roby,* 43 Ida. 724, 254 Pac. 210; *State v. Dunn,* 44 Ida. 636, 258 Pac. 553.

Where the requested instruction covering the issues raised by character evidence is erroneous, it is not prejudicial error for the trial court to fail to give a correct one on this point, character evidence ordinarily not being sufficiently vital to the defense to come within the statutory requirement of the necessary things about which the trial court *must* instruct the jury. (C. S., sec. 8972.) In other words, in the usual case, where character evidence is merely one of the elements of the defense, the failure of the court to give such an instruction is not reversible error.

Several of the assignments have not been discussed in the brief and will therefore not be discussed here.

No prejudicial error appearing in the record, the judgment is affirmed.

Budge, C. J., and Wm. E. Lee, J., concur.