**NIEDERLUECKE et al. v. UNITED STATES.**

Circuit Court of Appeals, Eighth Circuit.
August 26, 1927.

No. 7426.

1. **Criminal law** ⊘═▷374—**Evidence held insufficient to sustain finding that defendant had possession of stolen automobile.**

Evidence *held* insufficient to sustain finding that defendants, on trial for a different offense, had possession of a stolen automobile.

2. **Criminal law** ⊘═▷369(2)—**Evidence that three weeks after defendants transported stolen automobiles they had possession of another stolen car held incompetent (National Motor Vehicle Theft Act [18 USCA § 408]).**

On an issue whether defendants, who transported two automobiles in interstate commerce, knew that they had been stolen, and transported them in violation of National Motor Vehicle Theft Act (18 USCA § 408), evidence offered to show that three weeks afterward defendants had in their possession another car which had been stolen the day before *held* incompetent.

3. **Criminal law** ⊘═▷306—**One presumption cannot be basis of another presumption.**

Basis of presumption to sustain conviction of serious offense must be a fact, and one presumption may not be the basis of another presumption.

4. **Criminal law** ⊘═▷369(2)—**Evidence of commission by defendant of another crime is generally incompetent, unless one offense tends clearly to prove commission of the other.**

Evidence of another distinct and separate crime is generally incompetent and prejudicial to defendant, and should never be received unless commission of the one offense tends by a clear and rational connection of the offenses to prove commission of the other.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against William H. Niederluecke and another. Judgment of conviction, and defendants bring error. Reversed and remanded, with directions.

James E. Carroll, of St. Louis, Mo., for plaintiffs in error.

C. J. Stattler, Asst. U. S. Atty., of St. Louis, Mo. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MILLER, District Judge.

WALTER H. SANBORN, Circuit Judge. The defendants below were convicted of a violation of the National Motor Vehicle Theft Act (U. S. C. tit. 18, § 408 [18 USCA § 408]), in that they transported in interstate commerce, on November 16, 1925, two stolen Ford coupés, numbered respectively 10571893 and 11752118, by their own motive power from St. Louis, Mo., to Madison, Ill., when they knew that they had been stolen. The indictment charged the offenses in two separate counts, one for the transportation of each coupé, and the court sentenced William Niederluecke to five years' imprisonment on each count, the terms to run concurrently, and the defendant Gus Niederluecke to three years' imprisonment on each count, the terms to run concurrently. Their counsel argue that many prejudicial errors of law were committed at their trial. At the trial, the defendants admitted that they drove the two Ford coupés from St. Louis to Madison, Ill., on November 16, 1925, but they testified that they did not then know that they had been stolen, and there was no evidence in the case that they had any such knowledge except their possession of them on November 16, 1925, the testimony of Clay Ballew that he owned and lost one of them on October 24, 1925, the testimony of Walter Martins that he owned and lost the other on October 28, 1925, evidence that the defendants rented a garage back of 2901 St. Louis avenue, in the city of St. Louis, from Mr. Kron, its owner, and paid him the rent for it until December 1, 1925, when they notified him that they would not use or pay rent for it thereafter, that a few days prior to December 1, 1925, they turned it over to Lester Henderson and had nothing to do with it thereafter, the testimony of Fred F. Dietz, a member of the Metropolitan Police Department of the City of St. Louis, that on December 7, 1925, he went to the rear of 2901 St. Louis avenue, looked in the window of the garage, saw an automobile, a Ford sedan, three motors, and some tires, that he opened the window and climbed into the garage, took the numbers of the motors, tires, and automobiles there, that, while he was in there, the defendants came up in the rear and shouted, "Oh, Les, it's me; let me in," and he arrested them. The defendants testified that they turned over the garage to Lester Henderson, and that a different lock from that which they used was put on it in November, 1925, that they never stole or had possession of or anything to do with the Ford sedan that Dietz testified he found in it on December 7, 1925. Counsel for the government called as a witness Otto Bueckner who testified that he owned the Ford sedan and lost it on December 6, 1925, from 3500

Morgan street, St. Louis, where he had parked it. All the testimony as to the Ford sedan found by Mr. Dietz on December 7, 1925, was objected to by the defendants and its admission was excepted to. In ruling upon this objection the court said that it was received merely to show the intent with which the defendants on November 16, 1925, twenty-one days before the sedan was found, transported the two Ford coupés from St. Louis to Madison, Ill. At the close of the trial, the defendants had testified that they transported the two Ford coupés to Madison, Ill., on November 16, 1925, but that they did not then know they had been stolen, and there was no testimony or circumstance, except the fact that they had the possession of them on November 16, 1925, that indicated they had such knowledge.

The court charged the jury that there was only one issue for them to determine, and that was whether the defendants knew that the two Ford coupés were stolen on November 16, 1925, when they drove them to Madison, Ill., and that he thought other matters necessary to a verdict were out of the case, but that they might find that the Ford sedan was stolen, that it was found in defendants' possession by Dietz on December 7, 1925, that that fact raised the presumption that the defendants stole it, and that upon that presumption they might presume and find that the defendants knew, on November 16, 1925, twenty-one days before the Ford sedan was found, when they transported the two Ford coupés to Madison, that those two coupés had been stolen and then transported by them knowing them to be stolen. To this charge as to the Ford sedan counsel for the defendants strenuously objected and excepted.

[1] A careful reading and analysis of all the evidence in this case and of the law applicable to it has forced our minds to the conclusion that there was error in the admission of the evidence and in the charge of the court as to the Ford sedan, (a) because there was no evidence sufficient to sustain a finding that the Ford sedan was ever in the defendants' possession or control; (b) because if, when found by Dietz on December 7, 1925, it had been in their possession, the inference from that possession that the defendants knew on November 16, 1925, that the two Ford coupés had been stolen could be reached only by piling presumption upon presumption; and (c) because there was no rational or logical connection between the stealing of the Ford sedan on December 6, 1925, its discovery by Dietz in Lester Henderson's rented garage on December 7, 1925, and the knowledge or lack of knowledge of the defendants on November 16, 1925, twenty-one days before the Ford sedan was found, that the two coupés they transported on that day were stolen.

Here is the evidence as to the possession and occupation of the garage on December 7, 1925, when the Ford sedan was found by Mr. Dietz. Mr. Kron, the owner of the garage, testified that some time in April or May, 1925, he leased the garage to the defendants for $15 per month, and they paid the rent up to December 1, 1925, that they paid the last rent on December 5, 1925. Frank De Laney testified that he was an employee of Mr. Kron, and that the last payment of the rent by the defendants up to December 1, 1925, was made to him for Mr. Kron on December 5, 1925. The defendant Gus Niederluecke testified that he paid the last rent on the garage to Frank De Laney, as stated by Kron and De Laney, on December 5, 1925, and notified him that he would not be responsible for it any longer. He further testified that he had in November, 1925, turned the garage over to Lester Henderson, and that a new lock, different from the one he had used, had been put on the garage in November, 1925. Mr. Dietz testified that on December 7, 1925, after he had entered the garage, the defendants came up in the rear of the garage and shouted, "Oh, Les, it's me; let me in," a call inconsistent with the possession of the garage or a key to it by the defendants at that time and consistent with the testimony which has been recited that the garage was in the possession and control of Mr. Henderson. There was no testimony in conflict with that which has been recited as to the possession, occupation, and control of this garage in December, 1925, and the Ford sedan was first found in that garage on the 7th day of December, 1925. There was therefore no substantial evidence, much less evidence to establish beyond a reasonable doubt the claim that the Ford sedan was ever in the possession or control of the defendants and there was no foundation in the evidence on which to base a presumption that the defendants ever had or stole it, and they testified that they neither stole or had possession of it.

[2, 3] But, if there had been substantial evidence that the defendants ever had possession of this Ford sedan on December 7, 1925, the conclusion from that fact that twenty-one days before that date, when they transported the two Ford coupés, they knew they were stolen, could be reached only (1) on

the presumption that because they had possession of the Ford sedan on December 7, 1925, they stole it; (2) on the presumption that, because they stole the Ford sedan, the presumption arose that they stole the two coupés, which they transported to Madison on November 16, 1925, some time prior to that date; and (3) that, because they stole them at some earlier date than November 16, 1925, the presumption arose that they had knowledge on November 16, 1925, when they transported them, that they were stolen cars. But these presumptions are too violent and irrational to sustain a conviction of a serious offense, and the permissible basis of a presumption must be a fact and one presumption may not be the basis of another presumption. Wagner v. United States (C. C. A.) 8 F.(2d) 581, 586, and cases there cited.

[4] Again, if there had been competent evidence that the defendants stole the Ford sedan and had possession of it on December 7, 1925, knowing it to have been stolen, those facts would not have been competent evidence that the defendants knew on November 16, 1925, twenty or twenty-one days before the Ford sedan was found, that the two Ford coupés, which the defendants on November 16, 1925, transported to Madison, were stolen cars. Evidence of another distinct and separate crime or offense is generally incompetent and prejudicial to a defendant on trial for a serious crime. The rule is that such evidence should never be received unless it is clear the commission of the one offense tends by a clear and rational connection of the offenses to prove the commission of the other. 8 R. C. L. p. 206, § 200; Dyar v. United States (C. C. A.) 186 F. 614, 621; People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193; People v. Gibson, 255 Ill. 302, 305, 99 N. E. 599, 48 L. R. A. (N. S.) 236. The law upon this subject is well stated in 8 R. C. L., cited above, in these words:

"Whatever may be the object of evidence as to other offenses—whether to prove motive, intent or guilty knowledge, or to show a general plan or scheme, or to prove identity, or to establish sexual intimacy and opportunity—proof of a distinct substantive crime is never admissible unless there is some logical connection between the two, from which it can be said the one tends to establish the other. Without this obvious connection, it is not only unjust to the prisoner to compel him to acquit himself of two offenses instead of one, but it is detrimental to justice to burden a trial with multiplied issues that tend to confuse and mislead the jury. The most guilty criminal may be innocent of other offenses charged against him, of which, if fairly tried, he might acquit himself. From the nature and prejudicial character of such evidence, it is obvious it should not be received, unless the mind plainly perceives that the commission of the one tends, by a visible connection, to prove the commission of the other by the prisoner."

The offense with which the defendants were charged and for which they were tried was the single offense of the unlawful transportation in interstate commerce on November 16, 1925, of the two Ford coupés, knowing them to have been stolen. Even if there had been substantial evidence that on December 7, 1925, twenty-one days after the transportation of the two coupés by these defendants, they had possession of the Ford sedan which they had stolen at some prior time, that evidence would not have been admissible to prove that the defendants knew on November 16, 1925, that the two transported coupés were stolen, (a) because there was no evidence that there was any rational or logical connection between the unlawful transportation of the two Ford coupés in violation of the law of the United States and the stealing and possession of the Ford sedan twenty-one days later in violation of the law of the State of Missouri; (b) because the later offense, being later in time, had no possible causal effect upon the commission of the former; (c) because the later offense was neither similar to nor of the same class as the earlier offense on trial; and (d) because it does not appear that the commission of the later offense had or could have had any tendency to prove the commission of the former or earlier one.

Let the judgment below be reversed, and the case remanded to the court below, with directions to grant a new trial, and it is so ordered.