STATE *v.* THEODORE RUSS.

*(May 7, 1930.)*

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*Reuben Satterthwaite,* Attorney-General, *Charles F. Richards* and *Earle D. Willey,* Deputy Attorneys-General, for the State.

*Thomas C. Frame* and *Max Terry* for the defendant.

Court of Oyer and Terminer for Kent County. No. 24, February Term, 1930.

PENNEWILL, C. J., delivering the opinion of the court:

The Court have heard the argument based on the reasons urged in support of the above-mentioned motion and have carefully

considered the same. The only reason particularly emphasized and the only one apparently relied on with much confidence is the admission in evidence of what counsel for the defendant terms a second offense. A number of authorities were submitted in support of the motion, but only two or three of them were read to the court and presumably the ones upon which the defendant relied.

We have examined with some care those cases and find in them nothing opposed to the admission in evidence, in this case, of the testimony objected to.

In *People v. Gibson*, 255 *Ill*. 302, 99 *N. E.* 599, 600, 48 *L. R. A.* (*N. S.*) 236, the defendant had committed sexual intercourse with two women, and testimony was admitted respecting both offenses. The court, in its majority opinion, two Justices dissenting, said:

"At the conclusion of the evidence plaintiff in error requested the court to instruct the jury not to consider the testimony of Nora Porter and Ida that he also had intercourse with Nora, but the instruction was refused. Counsel for the state endeavor to sustain these rulings of the court on the ground that the offense against Nora Porter was so connected with the offense charged in the indictment as to form part of the transaction, and therefore proof of the offense against Nora tended to establish the offense against Ida. We do not think this position sustainable upon reason or authority. The offense testified to as having been committed upon Nora Porter was no part of the offense for which the plaintiff in error was being tried. It was a separate and distinct offense, no part of the *res gestae,* and proof of it was inadmissible upon any ground.

"The rule repeatedly announced in cases of this character is that a separate and distinct offense cannot be proven in support of a prosecution for another offense.

"But there is an exception to the rule when the two acts are so connected as to be parts of one transaction. In that case proof of one tends to establish the other."

See, also, *Rex v. Folks, Moody's Eng. Crown Cases* 354; *State v. Dooley*, 89 *Iowa* 584, 57 *N. W.* 414; 3 *Russell on Crimes* (6th *Ed.*) 403.

When the facts in the present case are considered, we think the cases referred to are authorities in support of the ruling of this court. What are the facts with respect to which the defendant calls the second offense? According to the testimony of the prosecuting witness, the defendant had seized and thrown her on the bed, had sexual intercourse with her by force and against her will, and, while still lying on her and choking her, a call was made at the door only

a few feet away, whereupon the defendant got up, went just outside the door, and she, the prosecuting witness, got up and taking up her baby, went to the door and tried to close it, but was prevented by defendant's kicking it open; that the defendant again entered the room and again seized and threw her on the bed and continued to assault her.

The court admitted the testimony objected to because it was convinced that what the defendant calls the second offense was so closely connected with the offense charged in the indictment in time and circumstance as to constitute one and the same assault and was unquestionably a part of the *res gestae*.

We do not deny that it would be improper to admit evidence of other offenses independent of the crime charged, but such was not the evidence admitted in the present case.

Our attention has not been called to any case that is opposed to the ruling of this court in admitting the testimony objected to, and we think that none can be found.

Another case cited by the defendant is *People v. Robertson,* 88 *App. Div.* 198, 84 *N. Y. S.* 401. It appears from an examination of the facts in that case that the offense charged was committed on the thirteenth of February, and the second offense admitted in evidence over the objection of the defendant's counsel was committed on the twenty-first day of February. This fact clearly differentiates the case cited from the present case, because there was no question of *"res gestae"* involved.

The other cases cited by the defendant are even more remotely connected with the instant case.

Another reason urged in support of the above-mentioned motion is that the court failed in its charge to the jury to instruct the jury for what reason the testimony respecting the so-called second offense was admitted. The obvious reply to this objection is that if the second assault was a continuation of the first and so closely connected therewith as to constitute a continuous assault and form a part of the *res gestae*, there was no reason for such instruction. The jury had a right to consider any and all of the evidence in

determining whether the defendant was guilty of the crime charged in the indictment.

The motion of the defendant's counsel is, therefore, refused.

Note. After the refusal of the motion above referred to, the defendant was sentenced by the court; the sentence to be carried out on August 22, 1930.

Two other motions for a new trial were, however, heard on July 18 and August 21, 1930, respectively, the Court of Oyer and Terminer still being open on those days and there being no rule of court providing that all reasons for a new trial should be filed within a prescribed time after the trial.

Both of these motions were based on after discovered evidence, but were refused by the court.