**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Nick VALENTI et al., Defendants-
Appellants.**

**No. 13633.**

United States Court of Appeals
Seventh Circuit.

Nov. 7, 1962.

Joseph I. Bulger, Chicago, Ill., for appellants.

James P. O'Brien, U. S. Atty., Daniel A. Becco, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before CASTLE, KILEY, and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal by Valenti from his conviction under two counts of an indictment charging him, and others, with possession of Admiral television sets, knowing that the sets were stolen from an interstate shipment.[1] The District Court, without a jury, found Valenti and Soper guilty and sentenced them to imprisonment for a year and a day.[2]

Valenti was arrested the night of January 10, 1961 in a truck terminal in which the television sets were being unloaded from the stolen trailer containing the interstate shipment. An informer had had a rendezvous with Soper and another man the previous night, and police had watched a television set, subject of the second count, being moved from a station wagon into the informer's car by Soper. After the police had checked the single set the informer took it to his television repair shop. Later the same night Soper, the informer, and another man met again, under police surveillance, to set up the sale for the next night of the 196 television sets, subject of the first count. The police furnished the truck which the informer was to drive to the meeting with Soper. The truck was driven to the truck terminal and the television sets were being loaded from the trailer onto the truck when the police appeared at the terminal and arrested the men present, including Valenti.

The only question is whether the evidence taken most favorably for the Government proves Valenti guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), United States v. Frierson, 299 F.2d 763, 767 (7th Cir., 1962).

Valenti's arguments here presuppose that his arrest and conviction are based merely on his presence the night of January 10 at the terminal with Soper and others. On that presupposition he relies upon Niederluecke v. United States, 21 F.2d 511 (8th Cir. 1927), and United States v. Carengella, 198 F.2d 3 (7th Cir. 1952). But in the first case there was no evidence to show that Niederluecke and his codefendant knew the Ford coupes were stolen; and in Carengella none that DiVito and Blandi ever had possession of the whiskey so as to give rise to presumption of guilty knowledge.

But Valenti was identified as Soper's companion at both meetings with the informer on January 9, and his station wagon identified as the one which carried the stolen television set later transferred to the informer's car. These facts and testimony that he was in the stolen trailer the night of January 10 clearly distinguish Niederluecke and Carengella.

Valenti claims that he was not with Soper at the rendezvous with the informer when the single television set was transferred, or at the later meeting, on the night of January 9. His wife and another woman testified in support of his alibi for that night. Valenti also claims that on the night of January 10 he had a bowling date with his brother in the vicinity of the truck terminal and had merely gone into the terminal in search of directions to the bowling alley.

The District Court was not required to believe the testimony of Valenti, his

---

1. In violation of 18 U.S.C. § 659.

2. The Government dismissed the indictment against one defendant and two other defendants were acquitted at the trial.

wife, and another woman, in support of the alibi, nor Valenti's unconvincing story of the reason for being in the terminal when arrested. The court, exercising its right on the credibility question, rejected the testimony for Valenti "in the face of stubborn facts plainly pointing" to his guilt. United States v. Mann, 108 F.2d 354, 358 (7th Cir. 1939). We cannot say the court should have found there was a reasonable doubt of Valenti's guilt.

■ The judgment order recites:

"It is adjudged that the defendant has been convicted upon his plea of not guilty and a finding of guilty of the offense of conspiring in unlawful possession of goods and chattels stolen from motor truck trailer in interstate shipment (Sections 659, 2 and 371, Title 18, United States Code) * * *"

But the conspiracy count was dismissed before trial. The references to "conspiracy" and to § 371 are therefore improper and are surplusage. The judgment order is hereby modified by striking the words "conspiring in" and "§ 371" from the order. As modified, the judgment as to § 659 is affirmed.