**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard HOWARD, a/k/a John W. Jones, Defendant-Appellant.**

**No. 14296.**

United States Court of Appeals Seventh Circuit.

Feb. 7, 1964.

Rehearing Denied March 5, 1964.

766

Richard H. Devine, Thomas Maloney, Chicago, Ill., for appellant.

Frank E. McDonald, U. S. Atty., Donald E. Joyce, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before KNOCH and SWYGERT, Circuit Judges, and MAJOR, Senior Circuit Judge.

KNOCH, Circuit Judge.

Defendant-appellant, Richard Howard, also known as John W. Jones, and his co-defendant, Herman Taylor, also known as "Gandi," were tried by the District Court without a jury, on a three-count indictment which charged them with: (1) receiving, concealing and facilitating transport and concealment of narcotic drugs, in violation of 21 U.S.C. § 174, as amended by the Narcotic Control Act of 1956; (2) making a sale to one William H. Turnbou (a federal narcotic agent) in violation of 26 U.S.C. § 4705(a), as amended by the Narcotic Control Act of 1956; and (3) conspiring to receive, conceal, etc., a narcotic drug in violation of 21 U.S.C. § 174, as amended by the Narcotic Control Act of 1956.

The co-defendant, Herman Taylor, was found not guilty. Appellant was found guilty on the first two counts and sentenced to serve six years on each count, the sentences to run concurrently. This appeal followed.

Appellant contends that the evidence was insufficient to support the conviction.

Agent Turnbou testified that on April 18, 1962, at about 3:30 a. m., he was in Room 107, at the Roberts Motel, in Chicago, Illinois, with appellant, his co-defendant, Herman Taylor, and Special Employee Ray Saunders, Jr. Agent Turnbou testified that he said "I want to get two ounces of heroin." Appellant said, "I don't have any heroin, but I can get you some coke for $1,200." Agent Turnbou said, "Okay," and placed $1200 (in official advance funds obtained from Agent Dennis Dayle) on the bed. He saw appellant pick up the money and leave. Agent Turnbou testified further that in about half an hour, appellant returned to Room 107, and handed Ray Saunders a tinfoil package which the latter promptly gave to Agent Turnbou in the presence of appellant.

It was stipulated that the government's chemist would testify that the substance here involved was cocaine hydrochloride, a narcotic drug.

Agent Dayle testified to having observed appellant's movements, following him to the Roberts Motel, and seeing him enter, leave, return and again leave Room 107 at about the same times indicated in the testimony of Agent Turnbou.

Appellant testified in his own behalf. He gave a different account of the events of that night. The major discrepancy concerned the sale itself. Appellant stated that he sold narcotics to Ray Saunders, Jr., taking the money from him outside the motel, while parked in a car, by having Saunders give the cash to Helen Robertson, who was with him in the car. He said he later went to Room 107 looking for Saunders who was not there, and that he made delivery of the narcotics to Saunders in a parking lot near the motel. He said that he never saw Agent Turnbou until he appeared in court.

Helen Robertson testified that she was with appellant in her automobile and that Saunders paid appellant $700, which, at appellant's direction, was given to her to count. She later gave the $700 to appellant.

Agent Donald F. Schnettler testified that while appellant was under his ob-

servation that night, there was no woman with him. He did not see appellant for a period of about four hours between 9:30 p. m. and 1:30 a. m., but did observe him before and after those hours.

In view of the contradiction between the testimony of Agent Turnbou and that of appellant, appellant contends that the failure of the government to call Mr. Saunders, who was allegedly present when appellant picked up the $1200 in Room 107, raises the presumption that his testimony would have been unfavorable to the prosecution.

 The issue here was one of credibility. The District Court as the trier of the facts determined the credibility of the witnesses whom he saw and heard. The credibility of the witnesses is not within our province. United States v. Valenti, 7 Cir., 1962, 309 F.2d 419, 421; United States v. Frierson, 7 Cir., 1962, 299 F.2d 763, 767, cert. den. 371 U.S. 963, 83 S.Ct. 544, 9 L.Ed.2d 510; United States v. Green, 7 Cir., 1957, 246 F.2d 155, 158, cert. den. 355 U.S. 871, 78 S.Ct. 122, 2 L.Ed.2d 76.

Unlike the missing witnesses in the cases cited by appellant, Ray Saunders, Jr., was not a necessary witness here. Examination of the factual situations in those cases will serve to distinguish them. Lowrey v. United States, 8 Cir., 1942, 128 F.2d 477, 480; Morei v. United States, 6 Cir., 1952, 127 F.2d 830; United States v. Di Re, 1948, 332 U.S. 581, 593, 68 S.Ct. 222, 228, 92 L.Ed. 210; Yaw v. United States, 9 Cir., 1955, 228 F.2d 382.

In the case before us, Agent Turnbou testified that he himself was present when the $1200 was picked up and when the narcotics were brought to Room 107 by appellant. Appellant gave the packet to Saunders, but Saunders immediately passed it to Agent Turnbou in appellant's presence. The government never contended that Saunders was more than a spectator. His testimony was not essential and lack of it gave rise to no presumption that he would contradict the evidence of Agent Turnbou. Faced with the conflict between the testimony of Agent Turnbou and that of appellant and Miss Robertson, the District Court resolved an issue of credibility in favor of the government.

The evidence on the record before us is sufficient to support the conviction. The judgment of the District Court is affirmed.

Affirmed.